ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, PLAINTIFF-RESPONDENT, v. ESSEX CHAIR COMPANY, DEFENDANT-APPELLANT.

Submitted October term, 1932—Decided June 21, 1933.

Before Justices TRENCHARD, CASE and BROGAN.

For the appellant, *Fast & Fast.*

For the respondent, *Joseph C. Paul.*

PER CURIAM.

This is an appeal by the defendant from a judgment entered in favor of the plaintiff in the District Court by a trial judge, sitting without a jury, for the sum of $430.18. The pertinent facts are as follows:

The defendant below, who is the appellant here, was insured by the plaintiff company through a firm known as Lippman & Lowy, Incorporated, which firm admittedly is general agent for the plaintiff insurance company. The policies in question covered the insured for compensation and public liability, the amount of the premiums depending upon an audit of the yearly payroll of the insured determined by an auditor of the insurance company from an examination of the books of the assured. The premium for the first year's policy of insurance was $419.86; the premium for the renewal of the policy for the ensuing year was $422.18.

The first year's premium was paid by Lippman & Lowy, Incorporated, to the plaintiff insurance company and was not collected from the insured. The second year's premium was not paid by the defendant to either the plaintiff insurance company or the general agent, and at this juncture of affairs negotiations ensued between the insured and the general agent which resulted in a settlement between these parties of the total claim for the sum of $500. The general agent, Lippman & Lowy, Incorporated, accepted this amount, deducted its share, and sent to the plaintiff insurance company the sum of $74.64 as the amount due and owing to it under the terms of the settlement made. The check was promptly returned by the plaintiff insurance company to its general agent, suit was brought by the insurance company for premium due for the policy of insurance issued for the second year and resulted in a finding favorable to the plaintiff for the full amount of the premium and costs.

Several grounds of appeal are urged which resolve themselves into one question—whether or not the general agent had authority to settle this claim for unpaid insurance premiums. The court decided that the general agent had no such power and this we think was clearly error.

An examination of the proofs discloses that there was no evidence that the defendant in making this settlement with the general agent had acted in bad faith or had the slightest knowledge that Lippman & Lowy, Incorporated, did not have authority to settle or had acted in violation of any limitations upon their authority or of any private instructions as to their right to make settlement. The rule is that a principal will be bound by the acts of a general agent acting within the scope, or apparent scope, of authority. *Millville Mutual Marine and Fire Insurance Co.* v. *Mechanics and Workingmen's Building and Loan Association,* 43 *N. J. L.* 652, wherein the rule is stated as follows:

"If a person is in fact, or apparently, a general agent of the company, he stands in the place of the company to the assured, and in the absence of any limitation of his power made known to the assured, and any act done by him within

the apparent range of his employment, before or after the contract is entered into, is binding upon the principal."

It becomes apparent, therefore, that even if the general agent was under secret instructions of the principal, restricting such general agent from making a settlement of the kind under discussion, and these instructions were unknown to the defendant assured, they are not binding upon the assured. Under the proof before us the settlement agreement was valid and binding upon the plaintiff insurance company.

These conclusions on our part dispose of this case and lead to a reversal which is hereby ordered, costs, however, to abide the event.